IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br>Christopher Jermaine Ross,<br><br>**Debtor(s)**. | CASE NO. 26-65010-jwc<br>CHAPTER 7<br><br>Judge Jeffery W. Cavender |
| HomeRiver – Institutional Accounts Group a/a/f 510 SFR GA Operations I LLC,<br><br>**Movant**<br><br>v.<br><br>Christopher Jermaine Ross, Debtor(s),<br>Kyle A. Cooper, Trustee<br><br>**Respondents**. | |

**MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(L)(3)(A) AND OBJECTION TO DEBTOR CERTIFICATION**

COMES NOW, HomeRiver – Institutional Accounts Group a/a/f 510 SFR GA Operations I LLC (hereinafter "Creditor"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and, files this request for an order confirming that no automatic stay is in effect in the above-referenced bankruptcy case pursuant to 11 U.S.C. § 362(L)(3)(A) (hereinafter, the "Motion"), respectfully showing this honorable Court as follows:

1.

Christopher Jermaine Ross (hereinafter, "Debtor") filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code on November 5, 2026, and is, therefore, subject to the jurisdiction of the Court.

2.

Movant is the landlord for debtor Christopher Jermaine Ross ("Debtor"), for that certain residential real property located at 1032 Winterglen Way, Austell GA 30168 (the "Property"), as further evidenced by that certain residential lease agreement attached hereto as **Exhibit A**.

3.

On September 23, 2026, Movant commenced a dispossessory proceeding against Debtor for possession and monetary judgment for the Property due to non-payment of rent. Said dispossessory proceeding was filed with the Magistrate Court of Cobb County, Georgia as assigned case number 26-E-14838 ("Dispossessory").

4.

Debtor failed to file any answer to the Dispossessory, timely or otherwise, and on October 19, 2026, Movant applied for a default writ of possession within the Dispossessory. On October 27, 2026, the Magistrate Court of Cobb County granted Movant a writ of possession as to the Property pursuant to default; a true and correct copy of said writ of possession is attached hereto as **Exhibit B**.

5.

Debtor filed the instant Bankruptcy on November 5, 2026. See Docket.

6.

Movant obtained a judgment for possession against Debtor prior to the initiation of this Action, with a writ of possession additionally awarded prior to the initiation of this Action authorizing Movant to recover possession of the Property.

7.

Georgia law does not provide for a right of redemption for a residential tenant after a judgment has been entered against said tenant. See generally O.C.G.A. § 44-7-50 *et. seq*.

8.

Notwithstanding the foregoing, Debtor filed an Official Form 101A with this Court and purportedly submitted thirty days' rent. See Doc. 7.

9.

Form 101A, as filed by Debtor under penalty of perjury, falsely claims that under the state or other nonbankruptcy law that applies to the judgment for possession (eviction judgment), Debtor has the right to stay in the Property by paying Movant the entire delinquent amount. As stated above, Georgia law does not provide for a right of redemption after a judgment has been entered. *See also* In re Mitchell, 2013 WL 5567200 (N.D. Ga. Aug. 2, 2013) ("Debtor did not make the required certifications regarding her ability to cure the monetary default after the writ of possession had been entered, and the court is not aware of any authority allowing her to do so.") (*emphasis added*).

10.

Debtor's certification, as a matter of law, does not comply with 11 U.S.C.A. § 362(l)(1)(A), and any representation to the contrary by Debtor would be knowingly filed in bad faith and without any support under color of Georgia law.

11.

Pursuant to 11 U.S.C.A. § 362(b)(22), no automatic stay goes into effect upon the filing of a bankruptcy to otherwise prevent "the continuation of any eviction… by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease… and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor."

12.

No exception to 11 U.S.C.A. § 362(b)(22) otherwise exists, as set forth above.

13.

No automatic stay has gone into effect, as set forth above, and Movant resultingly is authorized under law to proceed to execute on the writ of possession issued by state court prior to the filing of the instant action.

14.

Movant seeks an order affirming that the automatic stay is not in effect to otherwise prevent Movant from proceeding with lawfully executing upon the writ of possession issued by the state court pre-petition. In re Mitchell, 2013 WL 5567200 at *2 (N.D. Ga. Aug. 2, 2013) (Judge Diehl issuing order affirming that the automatic stay is not in effect, and that Movant may proceed with recovering possession of the property.)

WHEREFORE, Movant prays for the following relief:

(a) That this Court grant Movant's Request and Issue an Order affirming that no automatic stay is in effect to otherwise prevent execution upon the pre-petition writ of possession as to the Property;

(b) That the Court award Creditor its attorney's fees and costs in bringing of this Motion; and

(c) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Tuesday, November 17, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136

/s/ Matthew F. Totten
MATTHEW F. TOTTEN

Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

## CERTIFICATE OF SERVICE

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing **MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT PURSUANT TO 11 U.S.C. § 362(L)(3)(A) AND OBJECTION TO DEBTOR CERTIFICATION** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trl
Alpharetta, GA 30022

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Christopher Jermaine Ross, *pro se* Debtor
1032 Winterglen Way
Austell, GA 30168

Dated: Tuesday, November 17, 2026.

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com